IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER NELSON,

       Plaintiff**,**

v.

**Case No.:** 10-CV-2274 JAR/DJW

LAW OFFICES OF MITCHELL N. KAY, P.C.,

       Defendant.

**COMPLAINT AND JURY DEMAND**

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3. Venue is proper in this Judicial District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. The Defendant transacts business in this Judicial District.

### PARTIES

7. Plaintiff, Christopher Nelson, is a natural person.

8. The Plaintiff resides in the City of Overland Park, County of Johnson, State of Kansas.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. The Plaintiff is an "any person" as that term is used within 15 U.S.C. § 1692 et seq.

11. Defendant, Mitchell N. Kay, P.C., is a foreign corporation.

12. Defendant maintains a Kansas resident agent of William Barker, 3649 S.W. Burlingame Road, Topeka, KS 66611.

13. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

15. The Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS AND CAUSES OF ACTION

16. Sometime prior to the filing of the instant action, the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account (hereinafter the "Account").

17. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18. The Account went into default with the original creditor.

19. After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

20. The Plaintiff disputes the Account.

21. The Plaintiff requests that the Defendant cease all further communication on the Account.

22. The Plaintiff requests that the Defendant validate the debt pursuant to 15 U.S.C. § 1692g.

23. In the year prior to the filing of the instant action the Defendant and/or representatives, employees and/or agents of the Defendant made telephone calls to the Plaintiff and left voicemail messages for the Plaintiff.

24. The purpose of these telephone calls and voicemail messages was to attempt to collect the Account.

25. The telephone calls and voicemail messages conveyed information regarding the Account directly or indirectly to the Plaintiff.

26. The telephone calls and voicemail messages each individually constituted a "communication" as defined by FDCPA § 1692a(2).

27. The only reason that the Defendant and/or representatives, employees and/or agents of the Defendant made telephone calls to the Plaintiff was to attempt to collect the Account.

28. The only reason that the Defendant and/or representatives, employees and/or agents of the Defendant left voicemail messages for the Plaintiff was to attempt to collect the Account.

29. Each voicemail message was an attempt to collect the Account.

30. The voicemail messages conveyed information regarding the Account directly or indirectly to the Plaintiff.

31. The voicemail messages each constituted a "communication" as defined by FDCPA § 1692a(2).

32. During the telephone calls and voicemail messages representatives, employees and/or agents of the Defendant relayed confidential account information to Plaintiff's mother and stepfather in violation of 15 U.S.C. § 1692c(b).

33. The foregoing acts and omissions were undertaken by the Defendant and its representatives, employees and / or agents as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

34. The Defendant and its representatives, employees and/or agents above listed statements and actions constitute harassment or abuse and therefore violate FDCPA 1692d preface and d(5).

35. The Defendant and its representatives, employees and/or agents above listed statements and actions constitute false or misleading representations and violate FDCPA 1692e preface, e(2)(A), e(3), e(4), e(5), e(7), e(10) and e(11).

36. As a consequence of the Defendant's collection activities and communications, the Plaintiff has suffered actual damages, including emotional distress.

## RESPONDEAT SUPERIOR

39. The representatives and/or collectors at the Defendant were employees of and agents for the Defendant, were acting within the course and scope of their employment at the time of the incidents complained of herein and were under the direct supervision and control of the Defendant at all times mentioned herein.

43. The actions of the representatives and/or collectors at the Defendant are imputed to their employer, the Defendant.

4

44. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages..

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7., Fed. R. Civ. Pro. 38.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests Kansas City, Kansas as the place of trial.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. Actual damages under 15 USC § 1692k(a)(1).

2. Statutory damages under 15 USC § 1692k(a)(2)(A).

3. Reasonable attorneys fees and costs pursuant to 15 USC § 1692k(a)(3).

4. Such other and further relief as the Court deems just and proper

Respectfully submitted,

<u>/s/ J. Mark Meinhardt</u>
J. Mark Meinhardt #20245
4707 College Blvd., Suite 100
Leawood, KS  66211
913-451-9797
Fax 913-451-6163

ATTORNEY FOR PLAINTIFF
